IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LAURENCE MITCHELL**<br>3510 Indian Rd<br>Toledo, Ohio 43606 | * | Case No. |
| | * | Judge |
| Plaintiff, | * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| v. | * | |
| **J SCHOEN ENTERPRISES, INC.**<br>**dba CLEANER &**<br>**DRYERRESTORATION &**<br>**CONSTRUCTION**<br>5056 Angola Road<br>Toledo, Ohio  43615 | * | Francis J. Landry   (0006072)<br>Katherine A. Pawlak (0086885)<br>**WASSERMAN, BRYAN, LANDRY**<br> **& HONOLD LLP**<br>1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551 |
| | * | Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719 |
| Defendant. | * | Flandry308@aol.com<br>kpawlak@wblhlaw.com<br>Attorneys for Plaintiff<br>Laurence Mitchell |

*     *     *     *     *     *     *     *

## JURISDICTION

1. .     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of 29 U.S.C. 621 et seq., known as the Age Discrimination in Employment Act. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment. On November 25, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission on the basis of age, charge number

1

22A-2020-00589c, attached hereto as Exhibit A and incorporated by reference herein. On October 20, 2020, the district director of the EEOC notified Plaintiff of his right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit B. This Court's supplemental jurisdiction is also invoked over state law claims of religious discrimination pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff, Laurence Mitchell ("Plaintiff" or "Mitchell"), is a citizen of the United States and a resident of the City of Maumee and the county of Lucas, who was employed by Defendant from July of 2019 until his termination on November 14, 2019. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Age Discrimination in Employment Act and Chapter 4112 of the Ohio Revised Code in that it employed at all times material hereto more than twenty (20) employees.

3. Defendant is a corporation with a place of business in the City of Toledo, County of Lucas, State of Ohio. Defendant at all times had more than twenty (20) employees and was also an employer within the meaning of the Age Discrimination in Employment Act and Ohio Revised Code Section 4112.01.

## NATURE OF THE CASE

4. Plaintiff began his employment with Defendant in July of 2019.

5. Plaintiff was employed most recently as a Project Manager.

6. After he was hired, Plaintiff was continually badgered to make a 48% profit per project. Plaintiff was also instructed to lie to customers about what insurance was paying for, and to vendors such as Lowes about issues with their products.

7. Plaintiff was uncomfortable with lying to customers or vendors, and refused to do so.

8. After Plaintiff's 60 day probationary period ended, Plaintiff was to receive a pay increase.

9. Plaintiff successfully completed his 60 day probationary period, and was well qualified for his position.

10. Defendant held morning meetings where Christian prayers were conducted.

11. Plaintiff was uncomfortable with attending the meetings, as he is of the Jewish faith.

12. In late October, Plaintiff was asked by Ryan Gable, his direct report, why Plaintiff did not like mandatory morning meetings. Plaintiff explained that he was uncomfortable attending morning meetings because he did not want to pray to Jesus, as he was Jewish.

13. Thereafter, on November 14, 2019 Plaintiff was terminated.

14. The alleged reason for Plaintiff's termination has changed several times. First, Plaintiff was told it was about numbers. Plaintiff asked about his numbers, and then the reason for his termination changed. Plaintiff was then told that he "didn't have the same belief as Cleaner and Dryer management does." However, during a Civil Rights Commission investigation, the alleged reason for Plaintiff's termination changed again, to Plaintiff not being a "good fit" with the team.

## FIRST CLAIM FOR RELIEF
### Ohio Revised Code Section 4112.02, Religious Discrimination

15. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fourteen (14) of this Complaint, supra, by reference in its entirety as if fully restated herein.

16. Plaintiff is a Jewish individual. Plaintiff states that he was qualified for his position, passed a 60 day probationary period with no issues, and at all times he was meeting or exceeding legitimate employer expectations a Project Manager.

17. Defendant held morning meetings where Christian prayers were conducted. Plaintiff was uncomfortable with attending the meetings, as he is of the Jewish faith.

18. Defendant was aware of Plaintiff's Jewish faith. In late October, Plaintiff was asked by Ryan Gable, his direct report, why Plaintiff did not like mandatory morning meetings. Plaintiff explained that he was uncomfortable attending morning meetings because he did not want to pray to Jesus, as he was Jewish.

19. Thereafter, on November 14, 2019 Plaintiff was terminated.

20. The alleged reason for Plaintiff's termination has changed several times. First, Plaintiff was told it was about numbers. Plaintiff asked about his numbers, and then the reason for his termination changed.  Plaintiff was then told that he "didn't have the same belief as Cleaner and Dryer management does."  However, during a Civil Rights Commission investigation, the alleged reason for Plaintiff's termination changed again, to Plaintiff not being a "good fit" with the team.

21. The alleged reasons for Plaintiff's termination are false and pretextual. The "reasons" have changed, and none of the reasons are true. Plaintiff's numbers did not warrant termination, and he fit in well with his co-workers.  In fact, just prior to his termination Plaintiff had been invited to a social Thanksgiving gathering.

22. Plaintiff states that similarly situated employees who were not Jewish were not terminated.

23. Plaintiff states that Defendant terminated his employment because of his religious beliefs. Plaintiff states that similarly situated Christian employees were more favorably treated.  They were not terminated and were given progressive discipline or warned when there was an issue.  In failing to warn or speak to Plaintiff before terminating his employment and in terminating his employment, Defendant has intentionally discriminated against him on the basis of his religious beliefs in violation of Ohio Revised Code Section 4112.02.

24. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits,

diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

<strong>SECOND CLAIM FOR RELIEF<br>ADEA--29 U.S.C. Sections 621 et seq.</strong>

25. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully restated herein.

26. Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as he was sixty-two (62) years of age at the time of his termination.

27. Plaintiff states that he was qualified for his position, passed a 60 day probationary period with no issues, and at all times he was meeting or exceeding legitimate employer expectations a Project Manager.

28. On November 14, 2019 Plaintiff was terminated.

29. The alleged reason for Plaintiff's termination has changed several times. First, Plaintiff was told it was about numbers. Plaintiff asked about his numbers, and then the reason for his termination changed.  Plaintiff was then told that he "didn't have the same belief as Cleaner and Dryer management does."  However, during a Civil Rights Commission investigation, the alleged reason for Plaintiff's termination changed again, to Plaintiff not being a "good fit" with the team.

21. The alleged reasons for Plaintiff's termination are false and pretextual. The "reasons" have changed, and none of the reasons are true. Plaintiff's numbers did not warrant termination, and he fit in well with his co-workers.  In fact, just prior to his termination Plaintiff had been invited to a social Thanksgiving gathering.

28. Plaintiff states that his termination permitted the retention of significantly younger employees.  Furthermore, significantly younger employee were treated more favorably.  They were

5

given progressive discipline or notice if there was an issue, and were not terminated for the same reasons as Plaintiff was terminated.

29. Upon information and belief, Plaintiff was replaced by a person more than 11 years younger than Plaintiff.

30. Plaintiff states that Defendant terminated his employment because of his age.

31. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of age in violation of 29 U.S.C. §621 et seq.

32. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to his position together with lost back pay seniority and benefits or in the alternative for an award of lost back pay and front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to his damages and his costs and attorney's fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

    Respectfully submitted,

    **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

    **s/Francis J. Landry**
    Francis J. Landry, Attorney for
    Plaintiff, Laurence Mitchell

## **JURY DEMAND**

Plaintiff demands a jury trial as to all issues so triable in the within cause.

                s/Francis J. Landry
                Francis J. Landry